UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEBORAH GEORGE, individually, and on behalf all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. |
| ACADEMY MORTGAGE CORPORATION (UT), | ) ) ) ) | |
| Defendant. | ) | |

## **COMPLAINT**

COMES NOW the Plaintiff Deborah George ("George" or "Plaintiff"), by and through undersigned counsel, and files this Complaint showing the Court as follows:

1.

Plaintiff brings this lawsuit on her own behalf, and on behalf of all those similarly situated, against Defendant Academy Mortgage Corporation (UT) ("Academy" or "Defendant") seeking a judgment awarding overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  Plaintiff and three other Similarly Situated Individuals file herewith as Exhibit 1 their "Consent" to join this collective action under 29 U.S.C. § 216(b).

## Parties

2.

Plaintiff George is a resident of Fulton County, Georgia, and worked for Defendant as an hourly paid "Processor 3" in a location within this judicial district from approximately September 5, 2012 until approximately April 8, 2015.

3.

Plaintiff brings this action both individually, and as a collective action under 29 U.S.C. § 216(b) on behalf of Defendant's current and former hourly paid employees who work or worked at an Academy location during the period beginning three years prior to the filing date of this Complaint (the "relevant period") and who worked over 40 hours in one or more workweeks during the relevant period and received bonuses, commissions, and/or incentive premium payments that were not included in the calculation of the regular rate upon which Academy calculated their overtime premiums – i.e., who did not receive the overtime payments in the amount required by the FLSA based on those bonuses,

commissions, and/or incentive premium payments made (collectively, the "Similarly Situated Individuals").

4.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, Academy is a foreign for-profit corporation incorporated in Utah, registered to transact business in Georgia, and may be served with process through its registered agent Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, GA 30092, located within this judicial district.

## Jurisdiction and Venue

5.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

6.

Plaintiff was employed by Defendant in this judicial district, Defendant does business in this judicial district, and venue is therefore proper in this Court.

7.

Plaintiff and the Similarly Situated Individuals were "employees" during their employment with Defendant as defined by the FLSA and were entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

8.

Defendant was at all times during the relevant period and thereafter an employer or enterprise engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b)&(d).

9.

Defendant was, at all times during the relevant period in this Complaint and thereafter, an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

10.

Plaintiff and the Similarly Situated Individuals were individually engaged in commerce and/or engaged in the production of goods for commerce on a regular and recurring basis during their employment with Defendant.

11.

Plaintiff and the Similarly Situated Individuals were covered by the maximum hours provisions of the FLSA throughout their employment with Defendant as employees "engaged in commerce or in the production of goods for commerce" as defined by Section 7 of the FLSA.

12.

Jurisdiction and venue are proper in this Court as to all claims alleged in this Complaint.

## Facts Related To All Counts

13.

Defendant is a financial institution that, among other things, sells financial products to customers.

14.

Plaintiff and the Similarly Situated Individuals were compensated pursuant to a centralized pay policy, plan, or decision that was made by Defendant's corporate management.

15.

Defendant paid and continues to pay all Similarly Situated Employees under the same centralized and uniformly applied compensation structure.

16.

Defendant uniformly classified its hourly paid employees as non-exempt under the FLSA at all times during the relevant period and acknowledged their entitlement to overtime compensation under the FLSA for hours worked over 40 in a workweek.

17.

Under Defendant's compensation plan during the relevant period, Plaintiff and the Similarly Situated Employees were paid an hourly rate of pay for hours worked up to 40 in a workweek, plus time-and-one-half that hourly rate for hours worked over 40 in a workweek; and, in addition to that hourly rate for non-overtime hours worked and time-and-one-half that hourly rate for overtime hours

worked, they received other compensation, including but not limited to bonuses, that were not factored into the calculation of overtime premiums paid.

18.

Plaintiff and the Similarly Situated Individuals were eligible for and did in fact receive bonuses announced in advance to induce production and efficiency, the payout amounts of which were announced in advance, including for example processor bonuses based on their production of closed loans.

19.

According to Defendant's processor bonus agreement, Plaintiff and the Similarly Situated Individuals are eligible for bonuses based on their measured production of closed loans.

20.

Plaintiff and the Similarly Situated Individuals who worked as processors were required to sign and acknowledge the agreement for this production-based bonus structure.

21.

Therefore, the bonus payments to Plaintiff and the Similarly Situated Individuals were non-discretionary bonuses as that term is defined under the

FLSA, and were required to be included in the calculation of the regular rate for the workweeks covered by the bonus pursuant to 29 C.F.R. § 778.209.

22.

Defendant did not factor the amount of these bonus payments into the calculation of the overtime premiums paid to Plaintiff and the Similarly Situated Individuals during the relevant period.

23.

By way of non-exhaustive example, for the pay period beginning February 1, 2015 through February 15, 2015, Plaintiff George worked 3.73 hours of overtime and was also paid a processor bonus of $750 during the same pay period; however, Plaintiff George's bonus amount was not included in the calculation of her regular rate for purposes of determining her overtime compensation for that pay period, and no overtime premium was paid based on the bonus amount received.

24.

Plaintiff and the Similarly Situated Individuals who worked over 40 hours in one or more workweeks within the relevant period, received hourly overtime pay that was calculated based on regular rates that failed to include all non-excludable

compensation under the FLSA, including but not limited to bonus payments, and therefore Plaintiff and the Similarly Situated Individuals were denied all overtime compensation owed to them under the FLSA.

25.

Plaintiff therefore brings this collective action seeking conditional certification of and notice to the following class of similarly situated individuals:

> Defendant's current and former hourly paid employees who work or worked for Defendant during the period beginning three years prior to the filing date of this Complaint (the "relevant period") and who worked over 40 hours in one or more workweeks during the relevant period and received bonuses, commissions, and/or incentive premium payments that were not included in the calculation of the regular rate upon which Academy calculated their overtime premiums for those overtime hours worked – i.e., who did not receive the overtime payments in the amount required by the FLSA based on those bonuses, commissions, and/or incentive premium payments received.

## Count 1: FLSA

26.

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

27.

On numerous occasions during the relevant period, Defendant suffered or permitted Plaintiff and the Similarly Situated Individuals to work more than 40 hours in one or more workweeks without receiving overtime compensation at time-and-a-half their properly calculated regular rate for hours worked over 40 under the FLSA -- i.e., their regular rate inclusive of their base rate and all other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

28.

Despite being aware that the FLSA applied to its hourly paid employees, Defendant violated and continues to violate the FLSA by not paying Plaintiff and the Similarly Situated Individuals overtime compensation at the required rate, in addition to liquidated damages and interest for overtime not promptly paid in each paycheck for the applicable pay period.

29.

Defendant knew, or acted with reckless disregard, that its compensation practices alleged above violated the FLSA.

30.

Defendant's failure to pay the overtime compensation required by the FLSA to Plaintiff and the Similarly Situated Individuals was willful.

31.

Plaintiff and the Similarly Situated Individuals are entitled to recover their back overtime pay at the rate of one and a half times their applicable regular rate, in addition to an equivalent amount as liquidated damages, prejudgment interest (if liquidated damages are not awarded in full), attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a declaratory judgment that the overtime pay practices referenced above violated the FLSA and that Academy's violation of the FLSA was willful, and further enter a judgment:

1.   Awarding Plaintiff and the Similarly Situated Individuals their unpaid overtime pay based on a calculation of one and a half times their properly calculated regular rates, an equivalent amount as liquidated damages, or prejudgment interest if liquidated damages are not awarded in full, for all hours

worked over 40 in a workweek during the maximum three-year time period prior to the filing of their claims through the date of judgment;

2.  Awarding Plaintiff and the Similarly Situated Individuals their costs and attorney's fees; and

3.  Granting such further other and further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY A JURY OF TWELVE PERSONS.

Respectfully submitted this 12th day of February, 2016.

*s/ C. Andrew Head*
C. Andrew Head
Georgia Bar No. 341472
Jerilyn E. Gardner
Georgia Bar No. 139779
Attorneys for Plaintiff
Head Law Firm, LLC
1170 Howell Mill Rd., NW, Suite 305
Atlanta, Georgia 30318
Tel: (404) 924-4151
Fax: (404) 796-7338
Email: ahead@headlawfirm.com
jgardner@headlawfirm.com
