UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEBORAH GEORGE, individually, | ) | |
| and on behalf all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:16-cv-0471-CAP |
| ACADEMY MORTGAGE | ) | |
| CORPORATION (UT), | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.    Description of Case:

(a)    Describe briefly the nature of this action.

**Plaintiff, individually and on behalf of all others similarly situated, brings this case pursuant to the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. 201 *et. seq.*) (hereafter the "FLSA") as a nationwide collective action seeking to recover damages for alleged unpaid overtime wages.**

(b)    Summarize the facts of this case.   The summary should not be argumentative nor recite evidence.

**Plaintiff worked as a non-exempt mortgage loan processor at Academy Mortgage Corporation (UT)'s ("Defendant") Atlanta, Ga branch location.**

Plaintiff contends that she and the other non-exempt employees across the United States were not paid proper overtime premium compensation for hours worked in a given week in excess of 40 because Defendant did not include bonuses, commissions, and/or incentive payments (hereinafter "bonuses") into its non-exempt employees' regular rate when calculating their overtime premiums for overtime hours worked in the same workweek in which they earned a bonus.  Plaintiff contends that these overtime payments were required by the maximum hours provisions of the FLSA.  Defendant contends that Plaintiff and those similarly situated were compensated properly under the FLSA.

(c)    The legal issues to be tried are as follows:

<u>Plaintiff:</u>

(1)    Whether Defendants failed to pay Plaintiff and those similarly situated one and one-half times their correctly calculated regular rate for all hours worked over forty per workweek;

(2)    Whether Defendants maintained proper records regarding payroll and hours worked by Plaintiff;

(3)    Whether the violations, if any, of the FLSA by Defendant were willful; and

(4)	Whether Defendant can satisfy the "good faith" defense to some or all of the liquidated damages to which Plaintiff and those similarly situated may be entitled under 29 U.S.C. § 216(b).

**Defendant:**

In addition to the above stated legal issues, Defendant asserts that additional legal issues to be tried include:

(1)	Whether any alleged overtime owed was *de minimis* and thus not compensable;

(2)	Whether collective action relief is appropriate;

(3)	Whether individual liability and damages issues predominate over issues generally applicable to the collective action;

(4)	Whether Plaintiff is similarly situated to the putative collective action individuals whom she purports to represent; and

(5)	Whether Defendant is entitled to a set-off for any amount already paid in wages to which the employee was not entitled.

(d)	The cases listed below (include both style and action number) are:

(1)	Pending Related Cases:

**Plaintiff:**

On May 12, 2016, Kassandra Cooper, an opt-in plaintiff in this civil action, filed a class action lawsuit under the Fair Credit Reporting Act styled *Cooper v. Academy Mortgage Corporation (UT)*, No. 1:16-cv-01546-LMM-CMS (N.D. Ga.), accompanied by a civil cover sheet designating this case as a pending related case.

Plaintiff's understanding of "pending related cases" as provided herein is that it is limited to pending related federal district court cases that could be subject to assignment/reassignment to a particular federal district court judge. *See Frazier v. Williams Fund Private Equity Group*, 2006 WL 898178, at *5 (N.D. Ga. Apr. 5, 2006) (noting that under Rule 905-2 of this Court's Internal Operating Procedures, "related cases must be assigned to the same judge.") Therefore, Plaintiff does not agree that the *Vazquez* case listed by Defendant below is a "pending related case."

**Defendant:**

On March 4, 2016, Araceli Vazquez, a former employee of Defendant filed a class action entitled *Araceli Vazquez, individually, and on behalf of other members of the general public similarly situated, v. Academy Mortgage Corporation*, Sacramento County Superior Court, Case No. 34-2016-00191285-CU-OE-GDS. Ms. Vazquez has asserted wage and hour claims on behalf of all

**California non-exempt employees of Defendant, including a claim for overtime pay; however, Ms. Vazquez was not paid any of the bonuses or other additional incentive compensation that Plaintiff in the instant case alleges in her Complaint to have been improperly excluded from calculation of overtime pay, and the Complaint makes no mention of bonuses or other additional incentive compensation being improperly excluded from the calculation of overtime pay. However, given the broad nature of the allegations in Ms. Vazquez's complaint, Defendant believes it advisable to disclose the matter to this Court.**

(2)     Previously Adjudicated Related Cases:   **None.**

2.     This case is complex because it possesses one (1) or more of the features listed below:

 X    (1)     Unusually large number of parties

 __    (2)     Unusually large number of claims or defenses

 X    (3)     Factual issues are exceptionally complex **(Defendant's contention)**

 X    (4)     Greater than normal volume of evidence

 X    (5)     Extended discovery period is needed **(Defendant's contention)**

 __    (6)     Problems locating or preserving evidence

 __    (7)     Pending parallel investigations or actions by government

    __     (8)     Multiple use of experts

    __     (9)     Need for discovery outside United States boundaries

    __     (10)     Existence of highly technical issues and proof

**Defendant asserts that there are over 3,800 potential opt-ins.**

3.     Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

           Plaintiff:     **C. Andrew Head**
                               **Head Law Firm, LLC**
                               **Suite 305**
                               **1170 Howell Mill Rd, NW**
                               **Atlanta, GA  30318**
                               **ahead@headlawfirm.com**

           Defendant:     **Christy D. Joseph**
                               **Snell & Wilmer LLP**
                               **600 Anton Blvd #1400**
                               **Costa Mesa, CA 92626**
                               **cjoseph@swlaw.com**

4.     Jurisdiction:

Is there any question regarding this court's jurisdiction?

By Plaintiff:        **No.**

By Defendant:       **No.  Defendant has, however, moved for transfer of venue.**

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.    Parties to This Action:

(a)    The following persons are necessary parties who have not been joined: **None known.**

(b)    The following persons are improperly joined as parties:

By Plaintiff:        **None.**

By Defendant:        **None.**

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None.**

(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.    Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)   List separately any amendments to the pleadings that the parties anticipate will be necessary.

**Plaintiff:**

**Plaintiff anticipates the possibility of amending the pleadings to add state law wage and hour claims, after the close of the opt-in period, if opt-in plaintiffs join the case and seek to assert those additional state law claims.**

**Defendant:**

**Defendant does not anticipate making any amendments to its pleadings at this time. However, Defendant will file a new answer if Plaintiff amends her complaint to add state wage and hour claims.**

(b)   Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**Plaintiff:**

**Plaintiff requests sixty (60) days from the close of the opt-in period if Plaintiff's motion for conditional certification is granted, or from the Court's ruling if that motion is denied, to amend her initial pleadings, if necessary.**

**Defendant:**

**Defendant does not agree to such extension.**

7.    Filing Times for Motions:

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

8.    Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**Plaintiff:**

**Plaintiff requests a modification to Rule 26(a)(1)(A)(iii)'s requirement regarding initial disclosures of the damages <u>amounts</u> claimed by Plaintiff, rather than just the method of calculating damages, because (i) Defendant was required by 29 U.S.C. § 211(c) to keep accurate records of the hours worked by and payments to Plaintiff and those similarly situated each week, and (iii) unless and until Plaintiff is able to review all time and pay records and documents regarding bonuses for which Plaintiff and the similarly situated individuals were eligible for and received, which are and remain in Defendant's possession and which will assist Plaintiff in refreshing her and the similarly situated individuals' recollection of their hours worked and bonuses received in order to accurately estimate her and the similarly situated individuals' unpaid overtime wages under *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946), which documents have not been produced to Plaintiff, Plaintiff cannot provide damages calculations regarding all hours worked and all compensation earned that must be included in the regular rate, and proper calculation of the overtime**

regular rate (inclusive of all other non-excludable compensation under the FLSA) with sufficient accuracy. *See, e.g., Moncrief v. Ashton Gardens*, No. 1:16-cv-00282-LMM [Doc. 15] (N.D. Ga. May 25, 2016) (entering order on parties' stipulation allowing plaintiff to provide the figures to be used in her damages calculations within 30 days of receiving defendants' responses to plaintiff's first discovery requests); *Youngclaus v. Aarene Contracting, LLC and Gary Mills*, No. 1:14-CV-1723-RWS (N.D. Ga. Sep. 3, 2014) (entering order permitting plaintiff to provide the figures to be used in his damages calculations within 30 days of receiving defendants' responses to plaintiff's first discovery requests); *Brackett v. Aarene Contracting, LLC and Gary Mills*, No. 1:13-cv-1461-AT (N.D. Ga. Jun. 13, 2013) (entering order amending initial disclosure obligations and allowing plaintiffs 30 days from date of defendant's responses to plaintiffs' first request for production of documents within which to provide damages figures under Rule 26(a)(1)(A)(iii)); *Stone v. Innovative Product Achievements, LLC*, No. 1:12-cv-01640-MHS [Doc. 16] (N.D. Ga., July 12, 2012) (entering order amending initial disclosure obligations and allowing plaintiffs 30 days from date of defendant's responses to plaintiffs' first request for production of documents within which to provide damages figures under Rule 26(a)(1)(A)(iii)); *see also Connolly v. Smugglers' Notch Mgmt. Co.*, No. No. 2:09–CV–131, 2009 WL

3734123 *3 (D. Vt. Nov. 5, 2009) ("[I]t is unreasonable to expect a plaintiff to allege with specificity much beyond the pleadings here as she has not yet been able to conduct discovery. Few employees could possibly remember the exact overtime hours they worked over a period of years without being able to engage in discovery."); *Acho v. Cort*, No. C 09–00157, 2009 WL 3562472, *3 (N.D. Cal. Oct. 27, 2009) ("It cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records."); *Cf., Luna v. Del Monte Fresh Produce (Southeast), Inc.*, No. 1:06-cv-2000-JEC, 2007 WL 1500269 (N.D. Ga., May 18, 2007) (denying defendant's motion to compel because plaintiffs were permitted to wait until defendant/employer provided payroll information "resulting in a corresponding delay in plaintiffs' ability to provide a precise computation of damages."); *Edwards v. Mattress Giant Corp.*, No. 1:10-cv-01735-HLM-WEJ (N.D. Ga., May 25, 2011) (striking premature offers of judgment in FLSA collective action regarding unpaid hours for meetings and travel due to insufficient record to perform scrutiny required to determine reasonableness where plaintiffs had received no information regarding "number of meetings each plaintiff attended, the length of the meetings, the travel time to or from the meetings or whether a plaintiff was paid for any portion of the meetings or

travel time . . . [or] information confirming defendant's claimed number of bank deposits made by each plaintiff, or records reflecting the competitor shopping assignments," plaintiffs only received "spreadsheet summaries of records, rather than actual administrative records," and "the parties have not yet conducted any formal discovery.")

Plaintiff requests that the Court modify Rule 26(a)'s damages calculation requirement as follows: Plaintiff shall be required to disclose the method of calculation of all damages with her initial disclosures, and Plaintiff shall be required to provide the figures to be used in those calculations (i.e., the unpaid overtime claimed, the compensation to be included in the regular rate, and the calculation of damages based on the regular rate) within thirty (30) days of Defendant's production of documents in response to Plaintiff's first request for production of documents in this litigation.

**Defendant:**

Defendant does not object to Plaintiff's proposed modification of Rule 26(a)'s damages calculation requirement.

9.    Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**Plaintiff**:

**Plaintiff requests a scheduling conference at this time to address the following issues:**

**1.  Discovery period, as affected by motion for conditional certification**

**Defendant**:

**Defendant contends that its motion to transfer venue should be decided before any scheduling conference. A scheduling conference in this Court would be unnecessary and a needless consumption of time if Defendant's motion is granted as the case would move to the District of Utah.**

10.   Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to

which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

This case is assigned to a four month discovery track.

Please state below the subjects on which discovery may be needed:

**<u>Plaintiff</u>:**

**Plaintiff asserts discovery will be needed on Plaintiffs' hours worked and compensation; Defendants' conduct and decisions related to willfulness and the absence of a good faith defense to liquidated damages; similarities between all non-exempt employees of Defendant regarding the pay claim at issue; and discovery regarding the allegations in Plaintiff's Complaint and regarding the defenses and denials in Defendants' Answer.**

**<u>Defendant</u>:**

**Defendant asserts discovery will be needed on the information, witnesses, and documents in support of Plaintiff's allegations, Plaintiff and the purported collective class members' alleged damages, and information to support Defendant's affirmative defenses.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery

should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**<u>Plaintiff</u>:**

**Plaintiff requests that discovery commence at the conclusion of the opt-in period if Plaintiff's motion for conditional certification is granted, or if denied than as of the date of the Court's order denying that motion, and proceed for a period of four (4) months.  Plaintiff opposes Defendant's request for pre-conditional certification discovery, because under *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.2d 1201, 1218 (11th Cir. 2008), Plaintiff's motion for conditional certification filed prior to conducting discovery is to be decided on the basis of the pleadings and affidavits.  *See, e.g., Anderson v. Perdue Farms, Inc.*, No. 106-CV-01000-MEF-WC, 2007 WL 4554002, at \*2 (M.D. Ala. Dec. 20, 2007) (denying defendant's request for pre-conditional certification discovery, holding "at this stage, Defendant may only submit affidavits and other evidence to oppose Plaintiff's motion for notice and conditional certification.").**

**Plaintiff objects to the following statement as inaccurate: "Plaintiff has not yet finalized what her claims may be and has mentioned that she intends to amend her complaint to assert class action claims based on state claims across numerous states."  During the early planning conference, Plaintiff**

acknowledged to Defendant that these FLSA collective action cases sometimes result in state law class claims being filed as amended pleadings based on requests to file such claims by opt-ins who join the case in response to notice procedures, contingent on many factors including such opt-ins agreeing to serve as class representatives and engaging class counsel to file such state law claims in the pending federal case rather than in separate state court litigation, but directly answered Defendant's inquiry whether there was a present intention to file state law class claims based on state claims across numerous states in the negative due to the speculative nature of whether those contingencies will occur in the future.  Plaintiff's request herein for an extended period of time within which to amend the pleadings to add claims should not be misconstrued as an announced intention to do so, but instead merely protects that potentiality from being foreclosed by this Court's standard 30 day period limiting the time for amending the pleadings.

   **Defendant:**

   Defendant contends that this case should not be on the four month discovery period track that it has been assigned to but rather should be on the eight month discovery period track. Plaintiff has alleged a nationwide collective action. In addition, Plaintiff has not yet finalized what her claims may be and

has mentioned that she intends to amend her complaint to assert class action claims based on state claims across numerous states. Accordingly, additional time will be needed to complete discovery.

In addition, Defendant believes discovery should be conducted in phases. Defendant believes that class discovery should be bifurcated from the merits discovery and should be conducted first.  Merits discovery should only be conducted if the court grants Plaintiff's motion for conditional certification.

11.    Discovery Limitation:

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**<u>Plaintiff</u>:**

Other than as set forth by Plaintiff in Paragraph 8 regarding initial disclosures, Plaintiff requests an Order that Defendants shall not contact or subpoena a prospective employer, current employer, or subsequent employer following a plaintiff's termination from employment with Defendant to discover information about a plaintiff's claims without first providing Plaintiff 30 days' notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena. If such a motion is filed, contact will not be

initiated or the subpoena will not be served until the motion is ruled upon. *See generally* <u>Pilot Project Regarding Initial Discovery for Employment Discrimination Cases Alleging Adverse Action</u> (Federal Judicial Center, 2011), <u>http://www.fjc.gov/public/pdf.nsf/lookup/DiscEmpl.pdf/$file/DiscEmpl.pdf</u> ("The defendant shall not contact or subpoena a prospective or current employer to discover information about the plaintiff's claims without first providing the plaintiff 30 days notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena. If such a motion is filed, contact will not be initiated or the subpoena will not be served until the motion is ruled upon.").

<u>Defendant:</u>

Defendant does not agree to Plaintiff's proposed limit above because as worded it would limit Defendant's ability to discover information about Plaintiff's claims. Other than conducting discovery in phases as set forth above, Defendant does not have any other proposed limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court.

(b) Is any party seeking discovery of electronically stored information? **_X_** YES ___ NO

If "yes"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses as follows:

**Plaintiff:**

**Plaintiff anticipates that ESI may be significant in this matter. Plaintiff believes that ESI may be needed with respect to hours worked and compensation; Defendants' conduct and decisions related to willfulness and the absence of a good faith defense to liquidated damages; similarities between all non-exempt employees of Defendant regarding the pay claim at issue; and the allegations in Plaintiff's Complaint and the defenses and denials in Defendants' Answer. If ESI is a subject of discovery, the Parties agree it should be conducted so as to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. With respect to e-mail searches, Plaintiff proposes that the Parties agree to conduct searches based upon agreed upon search terms targeting agreed upon named and/or identified witnesses or custodians of records, unless the Parties reach impasse and require Court resolution of search terms. Plaintiff proposes that the Parties will have multiple attempts to revise search terms. If a document is a "hit" on any agreed upon search term and it is not privileged, Plaintiff proposes that it must be produced. Plaintiff**

proposes that e-mails be produced in an Outlook PST format.  Plaintiff proposes a first production of all other ESI in .pdf format, with metadata included in a separate file (load file or CSV). The receiving party, after receipt and review of the .pdf format production, may request production of ESI in native format at any time during the discovery period without having to serve a formal discovery request seeking production in native format.  Neither party shall be required to produce metadata with the first production.  If metadata is requested for specific materials, the parties cooperatively discuss the scope of the metadata production (e.g. which fields of metadata may be subject to production) and attempt to reach an agreement.  Metadata must not be wiped or modified in any way.  If advanced search methodologies become necessary, the parties agree to confer in an attempt to reach agreement regarding the method of culling voluminous materials.  Plaintiff proposes that the Parties' respective experts can contact the other side's technical contact.  In the absence of agreement of issues regarding discovery of electronically stored information, the parties may request a scheduling conference in paragraph 9 hereof.

Plaintiff does not agree that the scope of discovery of ESI will be "limited as follows at this time" as proposed by Defendant below, and requests a discovery hearing before any such scope limitations are decided.

**Defendant**:

The scope of discovery of electronically stored information ("ESI") will be limited as follows at this time:

      a.    scope:  Plaintiff believes that ESI may be needed with respect to hours worked and compensation; Defendant's' conduct and decisions related to willfulness and the absence of a good faith defense to liquidated damages; similarities between all non-exempt employees of Defendant regarding the pay claim at issue; and the allegations in Plaintiff's Complaint and the defenses and denials in Defendant's Answer.

      b.    accessibility:  ESI which is not reasonably accessible due to cost and undue burden will not be subject to discovery. At this time, Defendant is looking into what sources of ESI may not reasonably accessible to Defendant.

      c.    search terms:  the parties agree to conduct searches based upon agreed upon search terms targeting agreed upon named and/or identified witnesses or custodians of records, unless the Parties reach impasse and require Court resolution of search terms.  Plaintiff agrees to provide an initial set of search terms and custodians to be searched for initial consideration and Defendant will have its IT department or e-discovery expert test those terms

against a sample of ESI to evaluate the usefulness of those terms, after which the parties will seek to agree to a set of search terms for the entire collection.

       d.     date ranges:  the ESI collected and searched will be limited to the following date range:   February 12, 2013 to the present.

       e.     key witnesses:  The parties will work to agree upon named and/or identified witnesses or custodians of records from whom ESI will be collected.

       f.     privileged   documents:   ESI   containing   privileged information is exempt from production.  The parties agree that there is no waiver of privilege with respect to inadvertently produced privileged documents, and a clawback agreement consistent with Fed. R. Evid. 502 will be created for this case.

       (2)     The parties have discussed the format for the production of electronically store information (e.g., Tagged Image File Format (TIF or TIFF files), Portable Document Format (PDF), or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:

**a.      Form of production:    The Parties agree that all ESI will be produced in native format, including the metadata with it, to the extent possible.**

**b.      Method of production:   ESI will be produced in electronic format unless the Parties agree otherwise.**

**c.      Metadata:  The Parties will produce metadata with the native ESI, to the extent possible.**

**d.      Contact between the parties' e-discovery vendors and technical consultants:    The parties' respective counsel must be included in any communications between the vendors and technical experts.**

12.    Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?  **Except as set forth above, none at this time.**

13.    Settlement Potential:

(a)     Counsel for the parties certify by their signatures below that C. Andrew Head and Christy Joseph conducted a Rule 26(f) conference that was held on June 14, 2016 and that they discussed the possibility of settlement at that time.

For Plaintiff:  Lead counsel (signature)  **/s/ C. Andrew Head**

Other participants:  Jerilyn E. Gardner

For Defendant:   Lead counsel (signature) **/s/  Christy D. Joseph**

        Other participants:   Joseph A. Kroeger
                            Theresa Y. Kananen

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( **X** )   A possibility of settlement before discovery.

( **X** )   A possibility of settlement after discovery.

(____)   A possibility of settlement, but a conference with the judge is needed.

(____)   No possibility of settlement.

(c)   Counsel (**X** ) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is **to be determined by the parties.**

(d)   The following specific problems have created a hindrance to settlement of this case.  **None at this time.**

14.   Trial by Magistrate Judge:

Note:  Trial by a Magistrate Judge will be a jury trial if a party is otherwise entitled to a jury trial.

(a)   The parties **do not** consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 5th day of July, 2016.

_s/ C. Andrew Head_
C. Andrew Head
Georgia Bar No. 341472
Jerilyn E. Gardner
Georgia Bar No. 139779
HEAD LAW FIRM, LLC
1170 Howell Mill Road, NW
Suite 305
Atlanta, Georgia 30318
Telephone: (404) 924-4151
Facsimile: (404) 796-7338
Email: ahead@headlawfirm.com;
jgardner@headlawfirm.com

_Attorneys for Plaintiff_

_s/ Theresa Y. Kananen_
Theresa Y. Kananen
Ga. Bar No. 478998
ARNALL GOLDEN GREGORY LLP
171 17th St. NW, Suite 2100
Atlanta, GA 30363
Telephone: (404) 873-7010
Facsimile: (404) 873-7011
Email: theresa.kananen@agg.com

Christy D. Joseph
(admitted _pro hac vice_)
SNELL & WILMER LLP
600 Anton Blvd #1400
Costa Mesa, CA 92626
Telephone: (714) 427-7028
Email: cjoseph@swlaw.com

Joseph A. Kroeger
(admitted _pro hac vice_)
SNELL & WILMER LLP
One South Church Avenue
Suite 1500
Tucson, AZ 85701
Telephone: (520) 882-1254
Email: jkroeger@swlaw.com

_Attorneys for Defendant_

\* \* \* \* \* \* \* \* \* \*

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2016.

_____
CHARLES A. PANNELL
UNITED STATES DISTRICT JUDGE