UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEBORAH GEORGE, individually, and on behalf all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:16-cv-0471-CAP |
| ACADEMY MORTGAGE CORPORATION (UT), | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## JOINT PROPOSED CASE MANAGEMENT STATEMENT AND STIPULATION FOR STAY AND CONDITIONAL CERTIFICATION

The above-named Plaintiff ("Plaintiff"), individually and on behalf of all opt-in Plaintiffs, and Defendant Academy Mortgage Corporation (UT) ("Academy" or "Defendant"), by and through their undersigned counsel, have entered into this Joint Proposed Case Management Statement and Stipulation to memorialize the parties' agreements for a temporary stay pending mediation and for conditional certification of this action as a collective action under Section 16(b) of the Fair Labor Standards Act.

The Parties have reviewed the Court's Order to jointly file a case management schedule and have met and conferred on these issues. The parties believe they will

be best served by first issuing notice to the putative collective of allegedly similarly situated individuals and then promptly seeking to resolve the case through mediation and respectfully request the Court to order the case stayed pending these efforts. The parties request that should those efforts fail that they will within 20 days of the mediation conclusion date (defined below) prepare and file a joint case management schedule reflecting the Court's timing and guidelines set out in the Court's July 13, 2016 Order [Doc. No. 19], as modified below, including the information regarding disputed provisions required by the last paragraph of the Court's July 13, 2016 Order [Doc. No. 19]. The parties respectfully request the Court's approval of this Joint Stipulation and hereby stipulate and agree as follows:

## I.    Discovery.

The Parties request approval of the following modification to the discovery period set by the Court in its July 13, 2016 Order [Doc. No. 19], in order to allow for potential resolution of ESI and other discovery issues before discovery commences if mediation reaches impasse.  The parties request that the six month discovery period set by that Order will commence on the date of the Court's entry of a Case Management Order following the parties' submission of the Joint Case Management Schedule, which must be submitted within twenty (20) days of the mediation conclusion date as defined below.

**II.    Stipulated Conditional Certification and Issuance of Notice.**

1.      Plaintiff filed this case under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), alleging that Academy failed to pay her and similarly situated employees overtime payments in the amount required by the FLSA because it failed to include in calculation of the regular rate upon which overtime premiums were calculated bonuses, commissions, and/or incentive premium payments.

2.      Plaintiff seeks to represent herself and all of Defendant's current and former non-exempt employees who work or worked at an Academy location during the period beginning three years prior to the filing date of the Complaint and who worked over 40 hours in one or more workweeks during the relevant period and received bonuses, commissions, and/or incentive premium payments that were not included in the calculation of the regular rate upon which Academy calculated their overtime premiums.

3.      Defendant denies that it violated the FLSA and contests liability. Defendant also denies that workers in the putative collective action described in Plaintiffs' Complaint are "similarly situated" under § 216(b) for any purpose, including for purposes of determining whether conditional certification of this matter as a collective action would be appropriate. Defendant further denies that this matter

should be maintained as a collective action through trial and asserts that, even if conditionally certified, it should be decertified.

4.      Under the terms of this Joint Stipulation, the parties agree to conditionally certify this FLSA action as a collective action under § 216(b) for the claim alleged in the Complaint as to Plaintiff and opt-in plaintiffs from the putative class in this action who have joined or join this action.  The conditionally certified class shall be defined as any current or former non-exempt employee who works or worked at an Academy location at any time from the date three years prior to this Joint Stipulation through the date of Defendant's production of the putative class list for issuance of notice hereunder (the "relevant period") and who worked over 40 hours in one or more workweeks during this relevant period and received bonuses, commissions, and/or incentive premium payments for work performed in those one or more workweeks that were not included in the calculation of the regular rate upon which Academy calculated their overtime premiums (the "Putative FLSA Collective").

5.      By this stipulation, Defendant does not concede that Plaintiff and any members of the putative class are, in fact, similarly situated under the FLSA. Defendant's agreement to conditional certification is made without prejudice to its right later to argue that Plaintiff and any opt-in Plaintiffs are not "similarly situated"

under the FLSA. Notwithstanding this stipulation to conditional certification, the parties acknowledge that Defendant reserves the right to move for decertification of the conditionally certified collective action.

**III.      Mediation.**

6.      The parties have met and conferred, and have agreed to the following alternative dispute resolution process and production of ESI pursuant to that process.

7.      So that the parties can engage in meaningful, good faith and informed settlement discussions, Defendant agrees to produce to Plaintiff's counsel within 15 days after the opt-in notice period expires, the documents set forth below, for the time period from February 12, 2013 through the last payroll date before Academy began paying the employee overtime premiums based on the amount of bonuses and other incentive compensation received in excess of regular hourly or salaried non-exempt wages (the "FLSA Period"):

> A.      A computer readable database and/or comprehensive Excel or similarly electronically accessible spreadsheet identifying by name each individual who has filed a Consent to join this case (the "Opt-In Plaintiffs") and containing pay period-by-pay period payroll data for each pay date within the FLSA Period worked in a non-exempt bonus-eligible or incentive compensation-eligible position, with each separate item of compensation consistently reported under the same column for that compensation item throughout in order to allow for aggregate calculations;

B.     Any documents (in Excel, Word, or other computer-searchable format, if available) showing or otherwise defining the period of time which the bonus or other incentive compensation was meant to compensate (e.g., for bonuses paid one month in arrears based on the number of loan files processed in the preceding months, the document showing or otherwise defining the pay periods to which that bonus applied as the pay periods during the month preceding the month of the bonus payment date) for each Opt-In Plaintiff – alternatively, the parties may reach mutual agreement to stipulate to the allocated work weeks during which each bonus or incentive compensation was earned;

C.     For each Opt-In Plaintiff who was employed as of the first pay date (which date Defendant will provide to Plaintiff) on which Defendant began the payroll practice of paying overtime premiums (such as those represented on payroll records as "Overtime 2") that factored the bonuses and other incentive compensation into calculation of overtime pay for the hours worked during the pay periods compensated by the bonus or incentive compensation (the employee's "First Inclusion Date"), (i) the payroll records reflecting the bonus or incentive compensation payment received upon which overtime was calculated and paid on the employee's First Inclusion Date, (ii) the payroll records reflecting the hours worked and pay received during the pay periods during which the employee performed the work for which that bonus or incentive compensation on the employee's First Inclusion Date was paid, and (iii) for each type of bonus or incentive compensation paid, a step-by-step explanation of the calculation method for determining the overtime amounts paid on the bonus or incentive compensation on the First Inclusion Date under the FLSA;

D.     Corporate policy documents maintained at Defendant's headquarters and/or provided to Putative FLSA Collective members summarizing the policies or practices applicable to the Putative FLSA Collective members' employment during the FLSA Period with respect to (i) the potential or eligibility to earn the bonus or incentive compensation, (ii) the criteria or basis for

6

awarding any potential or eligible bonus or incentive compensation, (iii) how the amount of any potential or eligible bonus or incentive compensation will be determined for payment, and (iv) the effect of any potential or eligible bonus or incentive compensation on the employee's overtime pay;

E.    The complete personnel files of the Opt-In Plaintiffs who have filed a signed consent form as of the date of this stipulation;

F.    Any other information, documents, or pay records not specifically referenced above that the parties mutually agree to be provided in preparation for mediation.

8.    So that the parties can engage in meaningful, good faith and informed settlement discussions, the parties agree to exchange mediation statements as set forth in further detail in Paragraph 10. Defendant agrees to include within its mediation statement:

A.    A summary (sufficiently detailed for mediation analysis purposes) of the evidentiary basis for, and documents relating to, Defendant's willfulness and "good faith" defenses under Affirmative Defenses 2,5,6, and 9 in its Answer [Doc. No. 4]; and

B.    A summary (sufficiently detailed for mediation analysis purposes) of the evidentiary basis for, and documents and payroll records relating to, the amounts claimed by Defendant as "set-off" under Affirmative Defense 12 or "aspects of Plaintiff's compensation that are excludable from the regular rate of pay under 29 U.S.C. § 207(e)" under Affirmative Defense 17 in its Answer [Doc. No. 4].

9.    For the purpose of engaging in a meaningful mediation, Defendant has agreed to produce the information and documentation detailed in Paragraphs 7 and

8, above, in advance of receipt of Plaintiffs' formal discovery requests and, accordingly, in advance of raising its objections to any such requests. Thus, the parties agree that Defendant has not waived any objections it could raise in response to any discovery requests which may or may not contemplate the production of the documentation/information detailed in Paragraphs 7 and 8. The parties also acknowledge that Defendant has reserved its right to object to the relevance and/or use of any documentation produced pursuant to Paragraph 7.

10. The Parties have selected Steven Pearl, Esq., as a mutually agreeable mediator, and agree to participate in good faith in mediation before him on a mutually agreeable date promptly after the close of the opt-in period and allowing the parties time to exchange information as agreed to and prepare for mediation. Prior to the mediation, and pursuant to a schedule agreed to by the mediator and the parties, the parties agree that they shall submit and disclose to each other and the mediator, detailed mediation statements setting forth the facts and relevant law supporting their claims and defenses and an estimated calculation of the alleged class damages. The parties may, at their own election, submit an additional section which shall be "For Mediator's Eyes Only," and this section shall not be shared with the other side.

11.     To expedite the mediation process, Plaintiff shall provide a detailed settlement demand, explaining all factors applied in reaching that number, not less than 7 days prior to the start of the mediation, and Defendant shall respond with a detailed settlement offer, explaining all factors applied in reaching that number, no fewer than 24 hours prior to the commencement of the mediation.

12.     The parties initially agree to equally divide the cost of mediation unless otherwise decided by the parties in writing, without precluding the possibility that a term of settlement could involve one party paying the costs of mediation.

13.     In the interest of conserving resources, the parties agree that, until the in-person mediation is concluded by execution of a settlement agreement or mediation is announced by one of the parties to have reached impasse ("mediation conclusion date"), all deadlines for responding to any litigation actions will be stayed, with responsive filings due as if the discovery, motion, pleading, or other filing had been filed or served (as applicable) on the mediation conclusion date. The Parties agree that if a responsive filing would have been due within fourteen days after the mediation conclusion date under this provision, the response period shall be no less than fourteen days after the mediation conclusion date. The Parties further agree to exchange initial disclosures under Rule 26 within fourteen (14) days after the mediation conclusion date. The Parties consent to either party amending their

pleadings within thirty (30) days after the mediation conclusion date, without limiting or prejudicing in any way Plaintiff's right to amend the pleadings to add state law wage and hour claims within 60 days of the close of the opt-in period pursuant to the Court's previous Order [Doc. No. 19].

14.    Within five (5) business days after the mediation conclusion date, the Parties shall file a joint status report apprising the Court of the outcome of their mediation.  If a settlement has been reached, there shall be no further obligation to respond to litigation activity in this matter other than for the purpose of effectuating the settlement through the date of the Court's ruling on settlement approval.

15.    In the interest of the Parties focusing on amicably resolving this litigation, the Parties hereby agree that neither side shall engage in the gathering of affidavits for use in the litigation during the period beginning with this Joint Stipulation and continuing to the mediation conclusion date ("Affidavit Agreement").  This Affidavit Agreement does not, however, inhibit the Parties from gathering information for the purpose of evaluating damages for mediation.

The parties therefore request that the Court enter an Order adopting this Joint Stipulation and ordering the following notice procedure:

> A.    Within fourteen (14) days of the entry of the Court's Order adopting this Joint Stipulation, Defendant shall produce to the Notice Administrator selected by Plaintiff (agreeable to

Defendant which agreement shall not be unreasonably withheld) the names, job titles worked during the relevant period in which the individual was compensated in the manner meeting the Putative FLSA Collective class definition, dates of employment (and state location(s) of employment worked) with Defendant in each such job title, last known addresses, and last known non-Academy personal email addresses, for the Putative FLSA Collective members, with a copy to Plaintiff's counsel containing the above information except substituting Employee ID numbers for names for any individual who has not yet filed a Consent;

B.   Within fourteen (14) days of receiving the class list as required above, the Notice Administrator shall issue an initial Notice by email and U.S. mail, in the form attached as Exhibit A, to all individuals whose contact information was required to be provided by Defendant pursuant to this Joint Stipulation and the Order on this Joint Stipulation. In the event that the Notice to any individual is returned to the Notice Administrator by the postal service, the Notice Administrator shall make an additional attempt, including remailing and skip tracing. The Notice need not be provided to any individual who has filed a Consent to Join, and those Opt-In Plaintiffs need not re-file consents;

C.   Within seven (7) days of being notified by the Notice Administrator of a Notice having been returned as undeliverable, Defendant shall provide the Notice Administrator with the last four digits of the Social Security Number of each Putative FLSA Collective member whose notice was returned as undeliverable for skip tracing and remailing;

D.   The Notice Administrator shall additionally send a reminder via email and first class mail to those similarly situated employees who have not opted in by forty-five (45) days after Notice has issued;

11

E.     Mailings sent by U.S. Mail shall contain a self-addressed stamped return envelope ("SASE"), and shall bear the following notation on the front of the envelope:

> LEGAL NOTICE:
> UNPAID OVERTIME LAWSUIT
> AGAINST ACADEMY MORTGAGE
> • You could be owed additional overtime pay for the overtime hours you worked for Academy Mortgage.
> • Your prompt attention is required. Deadline to join.

F.     The Notice Administrator shall maintain a website allowing the electronic submission of Consents.  Plaintiff's counsel is authorized to maintain an internet website, and/or posting(s) on the firm's website, for the purpose of providing updated status on this litigation, provided that its content is consistent with *Maddox v. Knowledge Learning Corp.*, 499 F. Supp. 2d 1338 (N.D. Ga. 2007) (Pannell, J.) and any reference to notice and joining the litigation mirrors the approved Notice (attached as Exhibit A).  Defendant's management shall make all reasonable efforts to prohibit communication with Putative FLSA Collective members regarding potentially joining this litigation that discourages participation in the litigation or is otherwise inconsistent with the content of the approved Notice (attached as Exhibit A).

G.     The Notice Administrator will provide counsel for the parties with notice of opt-in plaintiff's submitted Consent to Join forms on a rolling basis not to exceed one week following receipt, but Plaintiff's Counsel need not file with the Court any Consent to Join forms received from opt-in plaintiffs during the pendency of the stay and while the parties seek to resolve the case through the mediation process through the mediation conclusion date.  The parties agree that the statute of limitations on FLSA claims shall be tolled for each opt-in plaintiff submitting Consent to Join forms to the Notice Administrator as of the date of receipt by the Notice Administrator.

WHEREFORE, the parties respectfully request that the Court grant this Joint Stipulation and issue an Order with the procedures set forth herein.   A proposed order is attached for the Court's consideration.

Respectfully submitted,


*s/ C. Andrew Head*

C. Andrew Head
Georgia Bar No. 341472
Jerilyn E. Gardner
Georgia Bar No. 139779
HEAD LAW FIRM, LLC
1170 Howell Mill Road, NW
Suite 305
Atlanta, Georgia 30318
Telephone: (404) 924-4151
Facsimile: (404) 796-7338
Email: ahead@headlawfirm.com;
jgardner@headlawfirm.com

*Attorneys for Plaintiff*

*s/ Christy D. Joseph*

Christy D. Joseph
(admitted *pro hac vice*)
SNELL & WILMER LLP
600 Anton Blvd #1400
Costa Mesa, CA 92626
Telephone: (714) 427-7028
Email: cjoseph@swlaw.com

Joseph A. Kroeger
(admitted *pro hac vice*)
SNELL & WILMER LLP
One South Church Avenue
Suite 1500
Tucson, AZ 85701
Telephone: (520) 882-1254
Email: jkroeger@swlaw.com

Theresa Y. Kananen
Ga. Bar No. 478998
ARNALL GOLDEN GREGORY LLP
171 17th St. NW, Suite 2100
Atlanta, GA 30363
Telephone: (404) 873-7010
Facsimile: (404) 873-7011
Email: theresa.kananen@agg.com

*Attorneys for Defendant*

13

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEBORAH GEORGE, individually, and on behalf all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:16-cv-00471-CAP |
| ACADEMY MORTGAGE CORPORATION (UT), | ) ) ) | |
| Defendant. | ) ) | |
| _____ | | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2016, I electronically filed the foregoing

JOINT STIPULATION FOR STAY AND CONDITIONAL CERTIFICATION

with the Clerk of Court using the CM/ECF system which will automatically send

email notification of such filing to the following attorneys of record:

Theresa Y. Kananen
**Arnall Golden Gregory LLP**
171 17th St. NW, Suite 2100
Atlanta, GA 30363

Joseph A. Kroeger
**Snell & Wilmer LLP**
One South Church Avenue

14

Suite 1500
Tucson, AZ 85701

Christy D. Joseph
**Snell & Wilmer LLP**
600 Anton Blvd #1400
Costa Mesa, CA 92626


*/s/ C. Andrew Head*
C. Andrew Head